IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEONARD NOBLE                                                    PETITIONER

           v.                  Civil No.2:09-CV-2080

LARRY NORRIS, Director,
Arkansas Department of Correction                                     RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Petitioner, LEONARD NOBLE, an inmate confined in the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Respondent has filed his Motion to Dismiss. (Doc. No. 12). The petition was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of the case.

**Procedural Background**[1]:

    On October 15, 1999, Petitioner was sentenced to 75 years incarceration for his convictions for rape and residential burglary by the Circuit Court of Sebastian County Arkansas.[2] Petitioner appealed the conviction and sentence and the Arkansas Court of Appeals affirmed on September 19, 2001.[3] One year later Petitioner sought *habeas corpus* relief in this Court pursuant to 28 U.S.C. § 2254.[4] On January 15, 2003, United States District Judge Robert T. Dawson denied Petitioner's §2254 petition on the ground that it was procedurally defaulted and that Petitioner had not offered

---

[1] The procedural background is taken from the Court's Docket and the briefs of the Parties.

[2] United States Magistrate Judge James Marschewski, who was an Arkansas Circuit Judge for Sebastian County in 1999, presided over the trial of Petitioner.

[3] *Noble v. State*, 2001 WL 1092820 *1 (Ark. App. 2001).

[4] *Noble v. Norris*, No. 2:02-CV-2215 (W.D. Ark. 2002).

any evidence to support a finding of factual innocence. *See* Memorandum in Support of Motion to Dismiss, Exs. 2-3. (Doc. No. 13). Thereafter, the Petitioner sought a certificate of appealability which was denied by this Court and by the United States Court of Appeals for the Eighth Circuit. *See* Memorandum in Support of Motion to Dismiss, Ex. 4. (Doc. No. 13). On October 6, 2003, the United States Supreme Court denied Petitioner's request for writ of *certiorari*. *See* Memorandum in Support of Motion to Dismiss, Ex. 5. (Doc. No. 13).

**Current Petition**:

On July 10, 2009, Petitioner filed the instant petition for *habeas corpus* relief. In his petitioner he claims actual innocence and raises the following grounds for relief: (1) the state suppressed evidence favorable to him at trial; (2) newly discovered scientific evidence that establishes his innocence; (3) the discovery of a "trustworthy eyewitness" which will establish his innocence; (4) critical physical evidence which was not presented at trial; (5) the trial court erred by allowing certain testimony and evidence to be admitted in evidence; (6) the existence of a prior inconsistent statement of the victim in the case should have been admitted; (7) ineffective assistance of counsel for failing to properly cross-examine the victim; (8) unreasonable delay by the state in identifying the name of the victim on a stereo introduced into evidence at the trial; (9) illegal search of Petitioner's vehicle; and (10) denial of counsel at a critical stage of the proceeding. The Respondent asserts that this petition "is again attacking the same convictions that were at issue in his previous petition," the original § 2254 petition filed by Petitioner. *See* Motion to Dismiss (Doc. No. 12). Respondent urges dismissal as an unauthorized "successive petition" pursuant to 28 U.S.C. § 2244(b)(3)(A).

On October 1, 2009, following Respondent's motion to dismiss as a successive petition,

Petitioner filed three supplements to his Petition alleging that new evidence existed, specifically DNA evidence, that would establish his actual innocence.[5] *See* Supplements (Doc. Nos. 15, 16, 17). On October 2, 2009, this Court entered its Order directing the Petitioner to provide a "written description of any existing newly discovered scientific evidence which he believes establishes his actual innocence in the underlying state conviction" on or before November 6, 2009. *See* Order (Doc. No. 18).

On November 2, 2009, Petitioner filed his response to the Court's Order of October 2, 2009, and set out the "new evidence" he believed established his actual innocence. Petitioner asserts the following is "new evidence" of his actual innocence:

(1) This Court should order the "necessary tests" on the evidence presented at trial. Petitioner asserts that he "believes that the state's court evidence provided an insufficient foundation to allow admission of the experts witness testimony, that microscopic hair analysis was not basis for identification" and that the state did not carry its burden of proof. Essentially Petitioner asserts that new technology allows new more accurate DNA testing, and that the Court should order such testing on the physical evidence in this case.

(2) A signed affidavit from Linda Walker who told the Petitioner she remembered that Petitioner was at her residence on the morning of July 22, 1998, the day of the commission of the crime.

(3) A statement of Raymond Boyster, given on August 5, 1998, which was never introduced at trial, that would have contradicted Boyster's own trial testimony.

---

[5] In the third Supplement (Doc. No. 17) Petitioner also raises other evidentiary issues arising from his trial. However, those do not appear to be new evidence of actual innocence.

(4) Petitioner's actual physical appearance was different on the day of the crime from the description given by several of the state's witnesses at the trial.

(5) Petitioner's vehicle, as shown at the trial, was different in appearance than it actually was on the day of the commission of the crime.

(6) The state trial court failed to allow the jury to consider the testimony of certain medical witnesses and evidence of certain examinations of the victim.

**Discussion**:

Rule 9 governing Section 2254 cases provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Similarly § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Eighth Circuit Court of Appeals has stated "[s]ection 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). The general bar against abusive or successive claims therefore extends to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. On the other hand if a second petition raises a claim that did not arise until after the first petition then there is no "successive petition" bar. *See id.*

Here, Petitioner specifically alleges: (1) the state suppressed evidence favorable to him at

-4-

trial; (2) newly discovered scientific evidence that establishes his innocence; (3) the discovery of a "trustworthy eyewitness" which will establish his innocence; (4) critical physical evidence which was not presented at trial; (5) the trial court erred by allowing certain testimony and evidence to be admitted in evidence; (6) the existence of a prior inconsistent statement of the victim in the case should have been admitted;  (7) ineffective assistance of counsel for failing to properly cross-examine the victim; (8) unreasonable delay by the state in identifying the name of the victim on a stereo introduced into evidence at the trial; (9) illegal search of Petitioner's vehicle; and (10) denial of counsel at a critical stage of the proceeding.  makes no new argument nor does he allege new facts demonstrating his  innocence of the underlying offense, which could not have been discovered prior to the filing of his first petition.

Despite being invited to do so by the Court's October 2, 2009 Order, the Petitioner has identified no newly discovered evidence that would establish his actual innocence of the underlying criminal offense.  In all but one of the issues raised in his response to this Court's October 2, 2009 Order he raises claims that either were or should have been brought in the initial petition for writ of *habeas corpus* relief in 2002.  Further, in the only claim of "new evidence" he now asserts new testing should be done on the physical evidence used to convict him at the trial.  Merely asserting that new technological advances in DNA testing might establish actual innocence does not raise a federal claim.  In *Rucker v. Norris* the United States Court of Appeals for the Eighth Circuit denied the same type claim and stated:

> [Petitioner] cites no Supreme Court decision clearly establishing that the right to present a complete defense applies to postconviction proceedings, or *that due process includes the right to postconviction testing using new technological advances*. We did not resolve that due process issue in *Tyler v. Purkett*, 413 F.3d 696 (8th Cir.2005).

*Rucker v. Norris,* 563 F.3d 766, 771 (8th Cir. 2009). The Court further held the claim was procedurally barred because "Rucker raised no issue of federal constitutional law and cited no federal authority in the state courts" to allow this type claim in a federal habeas action. *Id.*

The United States Supreme Court has held that a *habeas* petitioner can obtain review of procedurally defaulted claims if he produces reliable new evidence, not available at trial, which demonstrates that it is more likely than not, that with this evidence no reasonable juror would have convicted him. *See Schlup v. Delo,* 513 U.S. 298, 326-28 (1995). If a petitioner presents sufficient evidence of actual innocence, he should be allowed through this gateway and allowed to argue the merits of his underlying constitutional claims. *See id.* at 314-16. In deciding whether a petitioner has made the necessary showing of innocence, a federal court must make its own determination of whether the "probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial" is sufficient to warrant consideration of the otherwise barred claims. *See id.* at 330-32.

Here Petitioner merely suggests that new advances in DNA testing *might* help show his innocence. He presents no new evidence at all. In addition to the mere possibility of new scientific evidence, he presents other evidence that was known or should have been known to him at the time of his criminal trial. These proffers are not "new evidence" of actual innocence and are insufficient to allow Petitioner to file a successive petition for *habeas corpus* relief.

The instant Petition is clearly a "successive petition." Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition. In fact Petitioner has acknowledged that he failed to do so when he asked for a stay of this proceeding in order to allow him to seek permission to file a successive petition.

*See* Motion to Stay, (Doc. No. 19).⁶  Petitioner may not file a successive petition in this Court without the permission of the Eighth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).  The Petitioner has not shown that he has received permission from the Eighth Circuit to file the present petition. Further, for the reasons stated above it is clear Petitioner has not shown new evidence of actual innocence.  The Petition should thus be dismissed.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Petition be dismissed.⁷ Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **24ᵗʰ  day of November, 2009.**

        /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       U.S. MAGISTRATE JUDGE

---

⁶ This Motion to Stay was denied on October 15, 2009, as there exists no authority in § 2244(b) for such stay.  *See* (Doc. No. 21).

⁷ "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*